SWIFT, Judge.
On February 18, 1968, Parkchester Realty Corporation, plaintiff, leased an apartment in New Orleans to the defendant, Murray Holley, for a term of twelve months, beginning March 1, 1968, at a monthly rental of $96.50. Defendant abandoned the premises in early September, 1968, without paying the rent for that *609 month. However, upon demand by Park-chester’s attorney he paid the September rental and also $25.00 for the attorney’s fee. Mr. Holley did not resume occupancy of the apartment, and he has paid no rental since September.
Parkchester was unable to re-rent this apartment until sometime in December, 1968, for which month it received $80.40. Therefore, the plaintiff suffered a loss of $209.10 as rental for the period the apartment was unoccupied, less the sum of $50.-00 which defendant had deposited with the lessor as security for the faithful performance of his obligations under the lease.
Plaintiff has sued for the $159.10 rental and an additional 25% thereof for attorney’s fee as provided in the written lease. The defense pleaded by Mr. Holley was that his abandonment of the apartment was justified as it had become uninhabitable “because the premises were without electricity at various times, and lessor failed to enforce its rules by allowing garbage to stand on the sidewalk and not making the grounds safe for person and property.” He also reconvened for damages of $50.00, alleging a loss of food in that amount by reason of the electricity being off.
At the conclusion of the trial judgment was rendered on the main demand in favor of plaintiff in the sum of $100.00, together with attorney’s fees of $15.00. The reconventional demand was dismissed.
Plaintiff has appealed devolutively from the judgment on the main demand, asking that it be increased to the amounts for which it sued. The defendant has not answered the appeal.
At the trial the defendant’s wife testified the electric power failed on three occasions, one of which was of such duration as to cause the ruin of $50.00 worth of food. Her testimony was contradicted by Parkchester’s manager and its records of tenants’ complaints and maintenance, which show that the electricity was only off once and then for approximately one-half to three-quarters of an hour. All of the maintenance tickets relating to this apartment covered steps taken to get it ready for defendant’s occupancy and reports by the latter of minor defects that generally result from ordinary wear and tear which were corrected without unusual delay through normal maintenance. Certainly, none of these would give rise to the abrogation of the tenant’s lease obligations. Mrs. Holley’s testimony as to the other reasons alleged as the basis for defendant’s contention that the premises were uninhabitable was unconvincing.
We agree with the trial judge that the plaintiff is entitled to judgment because of the defendant’s failure to fulfill his obligations as lessee, imposed by LSA-C.C. Article 2710, to use the premises as a good administrator and to pay the rent in accordance with the lease contract. However, we believe the defendant is liable to plaintiff for the entire rental and attorney’s fee sued for.
For the foregoing reasons the judgment on the main demand appealed from is amended and recast as follows:
It is ordered, adjudged and decreed that there be judgment in favor of the plaintiff, Parkchester Realty Corporation, and against the defendant, Murray Holley, in the sum of $159.10, together with an additional 25% thereof as attorney’s fee, with legal interest from date of judicial demand until paid, and for all costs of the suit. Otherwise the judgment of the lower court is affirmed. The costs of this appeal are assessed to appellee.
Amended and affirmed.